IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV131 |
| | ) | |
| V. | ) | |
| | ) | |
| CHRIS BROWN, #1873, 8 UNKNOWN JANE - JOHN DOE OMAHA POLICE OFFICERS, and THE CITY OF OMAHA, | ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint (Filing No. 4) in this case on March 25, 2016. The Complaint names the City of Omaha, "8 Unknown Jane-John Omaha Police Officers," and Omaha Police Officer Chris Brown as Defendants.

Liberally construed, Plaintiff alleges that she was the subject of a search warrant dated July 16, 2015. A state court authorized the search warrant in response to an application and affidavit submitted by Defendant Officer Chris Brown. The face of the warrant authorized law enforcement to search Plaintiff's residence and also her "person." (Filing No. 4 at CM/ECF p. 7.)

Plaintiff alleges that upon executing the search warrant, two female police officers (identified as "Jane Does") instructed her to remove her clothing and "spread [her] legs apart bend over and cough." (Filing No. 4 at CM/ECF p. 2.) Plaintiff

objected, but the Jane Doe officers informed her that they would "get a search warrant to transport [her to] the hospital so that they can finish search." (Filing No. 4 at CM/ECF p. 2.) Thereafter, the Jane Doe officers conducted "vaginal and anus searches." (Filing No. 4 at CM/ECF p. 2.) It appears from Plaintiff's allegations that they conducted the search inside the bathroom of Plaintiff's residence. (Filing No. 4 at CM/ECF p. 3.)

For relief, Plaintiff seeks $100,000,000.00 "for humiliation [and] degradation perpetrated upon [her]." (Filing No. 4 at CM/ECF p. 1.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A.     Claims Against the City of Omaha**

Plaintiff has not stated a viable claim against the City of Omaha. The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990).

To establish the existence of a governmental custom, a plaintiff must prove:

1)      The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)      Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)      That plaintiff was injured by acts pursuant to the governmental entity's

custom, i.e., that the custom was the moving force behind the
constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations even eluding to an official policy or custom in her Complaint. Therefore, Plaintiff's claims against the City of Omaha and official capacity claims against the individual officers will be dismissed.

**B.      Individual-Capacity Claims Against Two of the Doe Defendants**

Plaintiff contends two Jane Doe Defendants violated her Fourth Amendment rights when they conducted a body cavity search. Here, the court must consider whether Plaintiff has sufficiently alleged that the two Jane Doe Defendants were unreasonable in their performance of the search at issue.

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

It is clear that members of the Omaha Police Department had authority to search Plaintiff's "person." Their search, however, exceeded a search of her person, and extended to a body cavity search. *See United States v. Nelson*, 36 F.3d 758, 759-60 (8th Cir. 1994) (concluding that officers who conducted a body cavity search of the defendant exceeded the scope of a search warrant and executed it in an unreasonable manner when the warrant authorized only a search of the defendant's person). Moreover, it appears that the search occurred inside a private residence, and not within a custodial setting. Therefore, interests in institutional security do not appear to be at

4

issue here.  See *Bell*, 441 at 558-560 (upholding a jail's policy of conducting visual body cavity searches of pretrial detainees following a contact visit with someone from outside the jail).

Thus, the court finds that Plaintiff has stated a plausible Fourth Amendment claim against the two Jane Doe Defendants in their individual capacities.  However, this is only a preliminary determination based on the allegations found within the Complaint.  This is not a determination of the merits of her claims or potential defenses to them.

As a litigant proceeding in forma pauperis, Plaintiff is entitled to have service of process performed by the United States Marshals.  However, the United States Marshals cannot initiate service upon unknown defendants.  Therefore, the court will give Plaintiff 30 days in which to take reasonable steps to identify the two Jane Doe Defendants who subjected her to a body cavity search and to notify the court of their names, after which the court will send Plaintiff the documents necessary to initiate service of process.

### C. Individual-Capacity Claims Against Chris Brown and the Remaining Doe Defendants

Plaintiff alleged the search warrant attached to her Complaint was "bogus." (Filing No. 4 at CM/ECF p. 2.)  This conclusory allegation is insufficient to state a claim for relief.  Plaintiff did not present any allegations to reflect how Chris Brown or any of the remaining John and Jane Doe Defendants violated her constitutional rights.  Even when liberally construed, Plaintiff's claims are simply too vague and conclusory to state a claim for relief against Chris Brown and the remaining John and Jane Doe Defendants.

IT IS THEREFORE ORDERED that:

1.  Plaintiff has 30 days in which to take reasonable steps to identify the two Jane Doe Defendants who subjected her to a body cavity search and notify the court of their names, after which the court will send Plaintiff the documents necessary to initiate service of process. Failure to do so will result in dismissal of this case without prejudice and without further notice. Plaintiff may request an extension of time in which to identify the Jane Does if additional time is needed.

2.  The clerk of the court is directed to set the following case management deadline: June 23, 2016: check for identification of Jane Does.

3.  Plaintiff's claims against the City of Omaha, Chris Brown and six of the eight John and Jane Doe Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

DATED this 25th day of May, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge