IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV131 |
| | ) | |
| V. | ) | |
| | ) | |
| CHRIS BROWN, #1873, 8 | ) | **MEMORANDUM** |
| UNKNOWN JANE - JOHN DOE | ) | **AND ORDER** |
| OMAHA POLICE OFFICERS, and | ) | |
| THE CITY OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV174 |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF OMAHA, CHIEF OF | ) | **MEMORANDUM** |
| OMAHA POLICE SCHMADER, and | ) | **AND ORDER** |
| UNKNOWN JOHN JANE DOE | ) | |
| POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. For the reasons set forth below, the court will order that the above-captioned actions be consolidated.

# BACKGROUND

## 1.    Case No.  8:16CV131

On March 25, 2016, Plaintiff Veronica Valentine filed suit, naming the City of Omaha, "8 Unknown Jane-John Omaha Police Officers," and Omaha Police Officer Chris Brown as Defendants.  Plaintiff alleged that she was the subject of a search warrant dated July 16, 2015.  A state court authorized the search warrant in response to an application and affidavit submitted by Officer Chris Brown.  The face of the warrant authorized law enforcement to search Plaintiff's residence and also her "person."  (Filing No. 4 at CM/ECF p. 7.)

Plaintiff alleged that upon executing the search warrant, two female police officers (identified as "Jane Does") instructed her to remove her clothing and "spread [her] legs apart bend over and cough."  (Filing No. 4 at CM/ECF p. 2.)  Over Plaintiff's objection, the Jane Doe officers searched Plaintiff's vagina and anus. (Filing No. 4 at CM/ECF p. 2.)

On May 25, 2016, the court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).  The court concluded Plaintiff had not sufficiently plead that the City of Omaha had a policy or custom that violated Plaintiff's constitutional rights.  Therefore, the court dismissed Plaintiff's claims against the City of Omaha, as well as Plaintiff's official capacity claims against the officers.  The court also found that Plaintiff's conclusory allegation that the search warrant was "bogus" was insufficient to state a claim against Officer Chris Brown.

The court determined, however, that Plaintiff stated a plausible Fourth Amendment individual-capacity claim against the two Jane Doe Defendants who performed the body cavity search.  The court gave Plaintiff 30 days in which to take reasonable steps to identify the two Jane Doe Defendants and to notify the court of their names.  To date, Plaintiff has not taken further action in this case.

2.    <u>**Case No. 8:16CV174**</u>

On April 19, 2016, Plaintiff filed suit against the City of Omaha, Chief of Omaha Police Schmader, and Unknown John and Jane Doe Police.  The Complaint did not indicate whether the officers were sued in their individual or official capacities.

Plaintiff alleged that in July, 2015, Omaha Police Officers (identified as "John and Jane Doe") broke into her house with a "bogus" search warrant.  (Filing No. 1 at CM/ECF p. 1.)  She claimed that the unknown police officers searched her vagina and anus.  Plaintiff alleged that as a result of the illegal search, she was charged and indicted for possession of a controlled substance.  Also, she claimed that the police officers used excessive force when they arrested her.  Plaintiff requested that the court enjoin Defendants from issuing "bogus" warrants and "enjoin any prosecution of Plaintiff arising as a result of any search perpetrated" on her.  (Filing No. 1 at CM/ECF pp. 2-3.)

On initial review, the court concluded that Plaintiff had failed to state a claim against the City of Omaha because she had not sufficiently alleged a custom or policy that violated her constitutional rights.  Also, because Plaintiff's Complaint did not specify whether she was suing the officers in their official or individual capacities, the court presumed they were sued in their official capacities only, and found Plaintiff had failed to state cognizable claims against the officers.  Nevertheless, the court provided Plaintiff with an opportunity to file an amended complaint. Plaintiff was advised that failure to file an amended complaint within the time specified by the court would result in the court dismissing this case without further notice.

Plaintiff did not file an amended complaint as directed by the court.  Instead, Plaintiff filed a "Motion," stating that she has been unable to discover the identities of the "Jane Doe" Defendants.  She requested that the court direct the City of Omaha to provide the names of the two officers involved in the body cavity search, as well

as the name of their commanding officer.  (Filing No. 9.)

## DISCUSSION

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration.  Fed. R. Civ. P. 42(a).  The consent of the parties is not required by Rule 42(a) for consolidation.  9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994).  When deciding whether consolidation is appropriate, the court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause.  Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . ." *Id*.

After reviewing each of the cases at issue, this court concludes that consolidation is appropriate.  The cases involve common questions of law and fact, as they both arise out of the execution of the same search warrant.  They also both involve an allegedly unconstitutional body cavity search performed by the same unidentified Jane Doe Defendants.

Also, having assessed the status of these cases, the court will allow them both to proceed to service of process at this time.  In Case No. 8:16CV131, the court concluded that Plaintiff stated a plausible claim against the Jane Doe Defendants.  The court gave Plaintiff 30 days in which to take reasonable steps to identify those individuals.  In Case No. 8:16CV174, the court directed Plaintiff to file an amended complaint.  However, rather than doing so, Plaintiff filed a motion requesting that the court assist her in identifying the Jane Doe Defendants.[1]  The court finds that Plaintiff

---

[1] Plaintiff's "Motion" may have been submitted in the wrong case.  The court suspects that the Motion was meant to be filed in Case No. 8:16CV131, where the court directed Plaintiff to take reasonable steps to identify the Jane Doe

has been making reasonable efforts to identify the Jane Doe Defendants and diligently prosecute her lawsuits.  Therefore, the court will allow these cases to move forward.

Although a complaint must include all the names of all the parties, "[a]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  The allegations pertaining to the Jane Doe Defendants are specific enough to allow Plaintiff to ascertain their names through discovery.

As a litigant proceeding in forma pauperis, Plaintiff is entitled to have service of process performed by the United States Marshals.  However, the United States Marshals cannot initiate service upon unknown defendants.  Therefore, at this time, the court will only direct the Marshals Service to serve the City of Omaha and Chief of Omaha Police Schmader in his official capacity in connection with Case No. 8:16CV174.[2]

Additionally, within 30 days following service of process, the City of Omaha shall disclose the identities of the Jane Doe Defendants and provide their names to Plaintiff and the court.  *See Munz*, 758 F.2d at 1257 ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery").  Thereafter, the court will direct serve of process on the two Jane Doe

Defendants.

[2] The City of Omaha and Officer Chris Brown were previously dismissed from Case No. 8:16CV131.  The claims against the police officers in their official capacities were also dismissed in Case No. 8:16CV131.

Defendants.

IT IS THEREFORE ORDERED:

1.      The above-captioned actions are hereby consolidated.

2.      The Clerk of the United States District Court for the District of Nebraska
        shall adjust its records to indicate that the above-captioned cases are
        consolidated.

3.      Case No. 8:16CV131 is hereby designated as the "Lead Case."  Case No.
        8:16CV174 is hereby designated as the "Member Case."

4.      The clerk of the court is directed to complete and issue summonses for
        Defendants the City of Omaha and Chief of Omaha Police Schmader in
        his official capacity in connection with Case No. 8:16CV174.  *See* Fed.
        R. Civ. P. 4(j) ("A state, municipal corporation, or any other state-
        created governmental organization that is subject to suit must be served
        by: (A) delivering a copy of the summons and of the complaint to its
        chief executive officer; or (B) serving a copy of each in the manner
        prescribed by that state's law for serving a summons or like process on
        such a defendant.").  The clerk of the court is further directed to deliver
        the summonses, the necessary USM-285 Forms, the complaint in Case
        No. 8:16CV174 (Filing No. 1), and a copy of this order to the United
        States Marshals Service for service of process upon Defendants the City
        of Omaha and Chief of Omaha Police Schmader at the office of the
        Omaha City Clerk, 1819 Farnam Street, Omaha, Nebraska, 68183.  The
        Marshals Service shall serve the summonses and complaint without
        payment of costs or fees.

5.      The Clerk of Court is directed to set a pro se case management deadline

in this case with the following text: "October 14, 2016: Check for completion of service."

6.    The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "November 14, 2016: Check for disclosure of Jane Doe Defendants and direct service by U.S. Marshal."

7.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

8.    Plaintiff's Motion to Compel (Case No. 8:16CV174, Filing No. 7) and "Motion" (Case No. 8:16CV174, Filing No. 9) are denied as moot.

DATED this 14th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge