IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:16CV131 |
| | ) | |
| 8 UNKNOWN JANE - JOHN DOE | ) | ORDER |
| OMAHA POLICE OFFICERS, | ) | |
| LISA VILLWOK, #1764, and | ) | |
| JENNIFER HANSEN, #1585, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:16CV174 |
| | ) | |
| CITY OF OMAHA, CHIEF OF | ) | ORDER |
| OMAHA POLICE SCHMADER, | ) | |
| UNKNOWN JOHN JANE DOE | ) | |
| POLICE, LISA VILLWOK, #1764, | ) | |
| and JENNIFER HANSEN, #1585, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motions to Compel (Filing Nos. 70 and 71 in Case No. 8:16CV131; Filing Nos. 71 and 72 in Case No. 8:16CV174), filed on May 30, 2017. No defendant responded to the motions by the deadline of June 13, 2017, and thus the Court will consider the motions ripe for review.[1]

Plaintiff moves the court to:

---

1 See NECivR 6.1 and 7.1(b) (Effective December 1, 2016).

1

> [C]ompel defendants to provide data showing scope of illegal searches at bar [and to] see how many females [were] subjected to [such] sea[r]ch under [the] illegal "policy" at bar, and, color break down of how many were red, yellow, brown, black or white and categories which most/least subjected to illegal search policy at bar which plainly violates the Fourth Amendment bar injunction, estoppel against illegal search and seizure.

(Filing No. 70 in Case No. 8:16CV131; Filing No. 71 in Case No. 8:16CV174). Plaintiff also moves the court to:

> [C]ompel discovery and direct defendants to provide us with all records regarding our illegal search radio communications audio video as well as [sic] and Rules Regulations promulgated Regulations strip search [sic] as well as numerical accounting breakdown of how many women [were] illegally stripped sea[r]ch[ed] as at bar during [the] time one of white art[icle] III judges Kopf [has] been on [the] bench.

(Filing No. 71 in Case No. 8:16CV131; Filing No. 72 in Case No. 8:16CV174).

Plaintiff did not file any briefs or evidence with the above motions, which are quoted in this Order in their entirety.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975). "[P]arties who proceed pro se are bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g).

The Court has repeatedly reminded Plaintiff of her duty to comply with relevant procedural rules, despite her status as a pro se litigant. See Filing No. 7 at p. 7 in Case No. 8:16CV131; Filing No. 11 in Case No. 8:16CV174) ("The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court."); Filing No. 53 at p. 2 in Case No. 8:16CV131; Filing No. 54 in Case No. 8:16CV174 ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."); Filing No. 57 at p.

2 in Case No. 8:16CV131; Filing No. 58 in Case No. 8:16CV174 ("The parties must comply with the provisions of NECivR 7.1(i) before filing a motion to compel.")

Plaintiff does not identify when or how she requested documents from counsel for Defendants, nor does she identify the date, time, or place of the personal consultation with counsel for the Defendants in a sincere attempt to resolve this issue. See Fed. R. Civ. P. 34 and NECivR 7.1(i). Plaintiff filed no brief or evidence in support of her motions. "A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." NECivR 7.1(a)(1)(A). "If the court concludes that a motion raises a substantial issue of law . . . it may treat the failure to file a brief as an abandonment of the motion." NECivR 7.1(a)(1)(B). "If a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed." NECivR 7.1(a)(2)(A). "[A] party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." NECivR 7.1.

Moreover, Plaintiff has not demonstrated that she properly made requests for documents following the procedures set forth in Fed. R. Civ. P. 34. Additionally, the Court notes that on December 23, 2016, Defendants filed a Notice of Service of Defendants' response to a Rule 34 Discovery Request (Filing No. 45 in Case No. 8:16CV131), but Plaintiff has not provided the Court with any information regarding what was produced, searched for and withheld from production, or objected to by Defendant in that response.

In any event, based on the limited information before the Court, the items requested by Plaintiff in her motions appear on their face to be irrelevant or outside the scope of permissible discovery. See Fed. R. Civ. P. 26(b)(1)("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Plaintiff has not complied with local or federal rules for requesting discovery and filing discovery motions. As such, the Court finds her motions should be denied. Accordingly,

**IT IS ORDERED**: Plaintiff's Motions (Filing Nos. 70 and 71 in Case No. 8:16CV131; Filing Nos. 71 and 72 in Case No. 8:16CV174) are denied.

### ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the order. See NECivR 72.2(a). Failure to timely object may constitute a waiver of any objection.

**DATED: June 14, 2017.**

                                    **BY THE COURT:**

                                    **s/ F.A. Gossett, III**
                                    **United States Magistrate Judge**