IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA VALENTINE,<br><br>Plaintiff,<br><br>vs.<br><br>LISA VILLWOK, #1764; and JENNIFER HANSEN, #1585;<br><br>Defendants. | 8:16CV131<br><br>ORDER<br><br><br>8:16CV174<br><br>ORDER |

This matter is before the court on Plaintiff's Motion (Filing No. 103 in Case No. 8:16CV131; Filing No. 104 in Case No. 8:16CV174), filed on August 21, 2017. Plaintiff moves for, "(1) [C]ertification of this action as a class action as practice of illegally strip searching these red yellow black white & brown albino women as set out herein (2) appointment of counsel to represent the 'class.'" [sic]. (Filing No. 103 in Case No. 8:16CV131; Filing No. 104 in Case No. 8:16CV174). Plaintiff did not file a brief or any other supporting documents with the motion, which is quoted above in its entirety.

These consolidated actions arise out of Plaintiff's allegations that on July 17, 2015, Defendants subjected her to a visual body cavity search during the execution of a search warrant of a residence. The operative pleading in the above consolidated cases is Plaintiff's Amended Complaint, filed on September 12, 2016. The Court previously determined that, liberally construing Plaintiff's allegations, she has alleged a violation of her "rights under the Fourth Amendment to the United States Constitution in connection with the search conducted by Defendants on July 17, 2015." (Filing No. 85 in Case No. 8:16CV131; Filing No. 86 in Case No. 8:16CV174). Chief Judge Smith Camp has overruled the parties' Motions for Summary Judgment and outlined the remaining issues to be determined by the fact-finder at trial. See Filing No. 85 in Case No. 8:16CV131 and Filing No. 86 in Case No. 8:16CV174.

In review of Plaintiff's motion and the operative pleadings in this case, the Court finds Plaintiff's bare and general allegations are insufficient to warrant certification of a class action. Fed. R. Civ. P. 23(a) provides that no class action may be certified unless the court determines:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class; (3) the claims

1

or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Plaintiff has not made any kind of showing that the above requirements exist in this case. Moreover, Plaintiff has not complied with this district's class action procedures set forth in NECivR 23.1.

Additionally, Plaintiff's motion to certify this case as a class action is not proper at this stage of the proceedings. Pursuant to this Court's January 20, 2017, Order Setting Schedule for Progression of Case, Defendants should have already drafted the Order on Final Pretrial Conference and submitted it to Plaintiff by July 31, 2017. Plaintiff should have already provided to defense counsel her additions and/or proposed deletions to that draft by August 14, 2017. The jointly prepared Proposed Order on Final Pretrial Conference is due to the Court by **August 28, 2017**. (Filing No. 57 in Case No. 8:16cv131; Filing No. 58 in Case No. 8:16CV174). By that time, the parties should have completed "all items as directed in NECivR 16.2" and fully prepared for the case "so that trial may begin at any time following the Pretrial Conference." (Filing No. 57 in Case No. 8:16cv131; Filing No. 58 in Case No. 8:16CV174). This proposed order is necessary before the undersigned magistrate judge can hold a meaningful final pretrial conference with the parties on September 11, 2017.

The Court again reminds the parties that if they fail to obey the Court's scheduling order with respect to the preparation of the Proposed Final Pretrial Conference, or fail to appear at the final pretrial conference, are substantially unprepared to participate in the conference, or do not participate in the conference in good faith, the Court may impose sanctions. See Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). Accordingly,

**IT IS ORDERED:** Plaintiff's Motion (Filing No. 103 in Case No. 8:16CV131; Filing No. 104 in Case No. 8:16CV174) is denied.

Dated this 25th day of August, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the order. See NECivR 72.2(a). Failure to timely object may constitute a waiver of any objection.