IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA VALENTINE,<br><br>                 Plaintiff,<br><br>vs.<br><br>LISA VILLWOK, #1764; and JENNIFER HANSEN, #1585;<br><br>                 Defendants. | 8:16CV131<br><br>ORDER<br><br><br>8:16CV174<br><br>ORDER |

This matter is before the court on Plaintiff's Unopposed Motion to Continue Trial and Amend Progression Order (Filing No. 119 in Case No. 8:16CV131 and Case No. 8:16CV174). On September 13, 2017, this Court appointed counsel to represent Plaintiff after it became apparent at the Final Pretrial Conference that Plaintiff is unable to present her claims without the assistance of counsel. (Filing No. 116). Plaintiff's appointed counsel has reviewed the case file to date and requests at least ninety (90) days to conduct discovery, including interrogatories, production requests, and a limited number of depositions. Plaintiff's appointed counsel also has a conflict with the October 16, 2017, trial date, and requests a continuance of trial. Counsel for Defendant does not oppose the instant motion. Upon review of the record, and for good cause shown, the Court finds that the motion should and will be granted. Accordingly,

**IT IS ORDERED:** Plaintiff's Unopposed Motion to Continue Trial and Amend Progression Order (Filing No. 119 in Case No. 8:16CV131 and Filing No. 119 Case No. 8:16CV174), is granted, and the following scheduling deadlines shall apply:

1. **Discovery**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served on or before **October 31, 2017**. All depositions, whether or not they are intended to be used at trial, shall be completed by **December 29, 2017**.

2. **Pretrial Disclosures.** Pursuant to [Fed. R. Civ. P. 26(a)(3)](), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

a. **Nonexpert Witnesses - On or before January 26, 2018:** The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

b. **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

c. **Trial Exhibits - On or before January 26, 2018:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the Court for good cause shown.

3. **Motions in Limine** shall be filed on or before **January 30, 2018.**

4. The **Final Pretrial Conference** with the undersigned magistrate judge is set for **February 9, 2018, at 10:00 a.m.** in my chambers, 111 South 18th Plaza, Suite 2210, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Prior to the pretrial conference, counsel shall complete all items as directed in NECivR 16.2.[2] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or *documents filed with the Court*, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. *See* NECivR 5.3.

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.3.

5. **Mediation and Settlement:**

   a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the assigned magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

   b. Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

**Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

6. **A three (3) day Non-Jury trial** is set to commence, at the Court's call, during the week of **February 20, 2018,** in Omaha, Nebraska, before the **Honorable Laurie Smith Camp,** Chief United States District Judge.

7. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 28th day of September, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge